UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80706-CIV-MARRA

ANDREW PRETKA, PAUL LITVAK, and
MICHELE LITVAK, PETER O'CONNELL,
HARRIET DINARI, BRUCE FISHER, and
DANIEL D'LOUGHY, on behalf of themselves
and others similarly situated,

Plaintiffs,

vs.

KOLTER CITY PLAZA II, INC.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiffs Andrew Pretka, Paul Litvak, Michele Litvak, Peter O'Connell, Harriet Dinari, Bruce Fisher and Daniel D'Loughy's ("Plaintiffs") Motion for Remand for Lack of Subject Matter Jurisdiction (DE 7). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On May 8, 2009, Defendant Kolter City Plaza II Inc. ("Defendant") filed a Notice of Removal from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida. (DE 1.) Defendant alleges that removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § § 1332(d), 1441(b) and 1453(b), because the claimed amount in controversy exceeds the sum of $5,000,000 exclusive of interest and costs, there are at least 100

members in Plaintiffs' proposed class and at least one member of Plaintiffs' proposed class is a citizen of a State different from Defendant. (Notice of Removal ¶¶ 5-14, DE 1.)

Plaintiffs' Amended Class Action Complaint seeks rescission of the purchase and sale contracts on luxury condominiums in a building known as Two City Plaza in West Palm Beach, Florida. (Am. Compl. ¶ 1, DE 1-1.) According to the Amended Complaint, the contracts violated the Florida Condominium Act and Defendant failed to timely complete construction of the condominium pursuant to the terms of the contracts. (Am. Compl. ¶ 2.) Plaintiffs seek monetary damages in excess of $15,000. (Am. Compl. ¶ 4.) Plaintiff Andrew Pretka is a resident of Maryland and is a party to a contract to purchase Unit 311 at Two City Plaza. (Am. Compl. ¶ 5.) Defendant Kolter is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in West Palm Beach, Florida. (Am. Compl. ¶ 11.) The class is believed to consist of over 300 members. (Am. Compl. ¶ 48.) Plaintiffs seek return of their deposits and the return of the deposits for all similarly situated depositors. (Am. Compl. ¶ 3.) Attached to the Amended Class Action Complaint are six contracts. (Ex. A-F, attached to DE 1-1.)

Included in Defendant's Notice of Removal is the Declaration of Michael Clarke. (Ex. C, DE 1-4.) Mr. Clarke is the Chief Financial Officer of Defendant and is responsible for the corporate records of Defendant. (Clarke Decl. ¶ 3.) Defendant has never been a Maryland, New York or Massachusetts corporation nor has it ever maintained its principal place of business in those states. (Clarke Decl. ¶ 5.) As of May 6, 2009, more than 100 prospective purchasers have executed the same purchase and sale form contracts as those attached as exhibits to the Amended Complaint. (Clarke Decl. ¶ 7.) Defendant has collected more than $5 million in condominium

unit purchase deposits from prospective purchasers of units at Two City Plaza. (Clarke Decl. ¶ 8.)

In moving to remand, Plaintiffs state that, under Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), a court may only consider evidence that comes exclusively from the plaintiff and therefore the Court cannot consider the declaration of Michael Clarke, which is the sole support for Defendant's contention that Plaintiffs' claim exceeds $5 million.

In response, Defendant assert that removal is proper because the jurisdictional amount in controversy is readily deducible from the Amended Complaint; i.e., the Amended Complaint and the attached purchase agreements.  Furthermore, Defendant claims that it is appropriate for the Court to consider the Clarke declaration attached to the Notice of Removal as well as several documents attached to its response memorandum; specifically, the first three pages of the potential class members' purchase agreements, the declaration of Francine Gutierrez, Contract and Closing Manager for Defendant who affirms that the total amount of deposits held by Defendant exceeds $41 million, and demand letters from Plaintiffs.

 In reply, Plaintiffs state that Defendant engages in rank speculation with respect to its determination of the amount in controversy.  Furthermore, Plaintiffs point out that the demand letters relied upon by Defendants were not submitted at the time of its notice of removal and therefore cannot be considered by the Court.

On November 13, 2009, the Court held a hearing pursuant to Lowery  to question plaintiffs' counsel "about the value of the plaintiffs' claims." Lowery, 483 F.3d at 1218 n.75. Plaintiffs' counsel stated that he was unable to make a determination at this point in the proceeding as to whether the claims would exceed $5,000,000.

3

II.  Discussion

In Lowery, the United States Court of Appeals for the Eleventh Circuit addressed both jurisdictional and procedural considerations concerning removal of state court actions to federal court.  Lowery, 483 F.3d at 1194.  Courts must review the "propriety of removal on the basis of the removing documents.  If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, the court has jurisdiction.  If not, the court must remand." Id. at 1211.  Furthermore, "[i]n assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents.  If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice failings." Id. at 1213-15.  "[T]he court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper . . . [t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."[1] Id.

The Court begins by addressing the appropriateness of consideration of the Clarke declaration as evidence of the amount in controversy.  The Court reads Lowery as barring consideration of this evidence.  Although the Clarke declaration was provided as an

---

[1] Lowery explains that most often, a defendant will receive knowledge of a claim's value in the form of "other paper."  "This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. In such a case, [ ] the defendant would need an "other paper" to provide the grounds for removal under the second paragraph of § 1446(b). In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative. . . ." Id. at 1215 n.63.

accompanying document to the notice of removal, it was not a document received by Defendant from Plaintiffs. Instead, it was generated by Defendant. <u>Lowery</u> states that courts may only consider documents received by a defendant from a plaintiff. In <u>Innovative Health and Wellness LLC v. State Farm Mutual Auto. Ins.</u>, No. 08-60786-CIV, 2008 WL 3471597 (S.D. Fla. Aug. 11, 2008), the Court considered a motion for remand of a class action complaint on the grounds that the $5,000,000 amount in controversy was not met under CAFA. The court held that the defendant improperly relied upon documents not supplied by the plaintiff; <u>i.e.</u>, affidavits, to establish the jurisdictional amount in controversy.

Defendant makes several arguments to support its contention that the Court should consider the Clarke declaration. To begin, Defendant points to footnote 66 of <u>Lowery</u> which states in pertinent part:

> Moreover, there are some exceptions to the rule that the court is limited to considering the removing documents. A defendant would be free to introduce evidence regarding damages arising from a source such as a contract provision whether or not the defendant received the contract from the plaintiff. In such situations, the underlying substantive law provides a rule that allows the court to determine the amount of damages. For example, in contract law, the default measure of damages is expectation damages; a court may look to the contract and determine what those damages would be. By contrast, "[w]here the law gives no rule, the demand of the plaintiff must furnish one." [ ] When a plaintiff seeks unliquidated damages and does not make a specific demand, therefore, the factual information establishing the jurisdictional amount must come from the plaintiff.

<u>Lowery</u>, 483 F.3d at 1215 n.66 (internal citations omitted). Defendant contends that because the Clarke declaration contains evidence of the amount of Plaintiffs' contract damages, based on Clarke's personal review of those contracts, it is the type of evidence that <u>Lowery</u> authorizes the Court to consider in determining the amount in controversy. (Resp. at 12.) However, Plaintiffs attached to their Amended Complaint the contract for purchase and sale. Therefore, the amount

5

of damages arising from each of those contracts is readily ascertainable. Clarke's declaration goes beyond that information and instead speculates on the potential damage claim of putative class members, as opposed to named plaintiffs.

Significantly, while Defendant relies on Lazo v. U.S. Airways, Inc., No. 08-80391-CIV, 2008 WL 3926430 (S.D. Fla. Aug. 26, 2008), that case actually supports Plaintiff's position. In Lazo, defense counsel filed an affidavit attesting to a conversation he had with the plaintiff's attorney regarding the amount of recovery sought. The Lazo court held that the affidavit constituted legally certain evidence that the plaintiff sought damages in excess of $75,000.00. The Lazo court recognized that Lowery required that if removal is based on documents other than the plaintiff's initial pleading, the document must have been supplied by the plaintiff. The Lazo court held that the affidavit satisfied that requirement because it was simply treating the affidavit in the same manner it would have treated a written demand letter by the plaintiff submitted by the defendant to the court.[2] Here, the information contained in the Clarke declaration did not come from Plaintiff.

Likewise, the Court rejects Defendant's argument that the Court may consider additional evidence not submitted at the time of its notice of removal; i.e, additional purchase agreements, a declaration from the contract and closing manager for Kolter Communities Management and

---

[2] With respect to the remaining cases cited by Defendant, the Court notes that they either fail to discuss the submission of affidavits (Eparvier v. Fortis Ins. Co., No. 6:07-cv-1491-Orl-31GJK, 2008 WL 3367542 (M.D. Fla. Aug. 8, 2008)) or that the affidavits must come from the plaintiff (PHLD Partnership v. Arch Speciality Ins. Co., 565 F. Supp. 2d 1342 (S.D. Fla. 2008) and Eyler v. ILD Telecommunications, Inc., No. 3:08-cv-351-J-32JRK, 2008 WL 5110754 (M.D. Fla. Nov. 25, 2008)). Lastly, Gleason v. Roche Labs, No. 3:08-cv-1172-J-12HTS, 2009 WL 728531 (M.D. Fla. Mar. 19, 2009) distinguished Lowery, stating that there was uncontested evidence regarding the jurisdictional amount, a circumstance not present here.

three demand letters.  With respect to the additional purchase agreements and the declaration, the analysis discussed above applies.  These documents were not provided by Plaintiffs.  On the other hand, demand letters were provided by Plaintiffs.  However, these demand letters, which existed prior to the filing of the Notice of Removal, were not submitted by Defendant at the time of removal and therefore may not be considered the Court.  See Dougherty + Chavez Architects, P.A. v. Houston Cas. Co., No. 3:07cv376/MCR/EMT, 2008 WL 2439667 (N.D. Fla. June 13, 2008) citing Lowery, 483 F.3d at 1213-14, 1219.  Thus, the Court will not consider these letters as evidence of the amount in controversy.

Lastly, Defendant proposes various mathematical equations which multiply the 301 purported class members against the deposit amount of each individual contract.  For example, under one scenario, to determine the deposit amounts, Defendant uses the lowest deposit amount of the contracts attached to Amended Class Action Complaint and calculates a minimum amount in controversy of $11,103,890, well over the threshold requirement of CAFA.  (Resp. at 2-3.) Defendant's approach, however, runs afoul of its burden of establishing by the preponderance of the evidence that CAFA's jurisdictional amount in controversy requirement is satisfied.  To make a finding that the claims exceed $5 million, based on this record, would require the Court to "engage in impermissible speculation."  Lowery, 483 F.3d at 1220.  Based on the evidence that the Court may consider upon removal, the Court is unable to determine the deposit amounts of class members other than the six named plaintiffs.

Accordingly, for the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Remand is **GRANTED**.  This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  All pending

motions are denied as moot and the clerk shall close this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of November, 2009.

_____
KENNETH A. MARRA
United States District Judge