UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80706-CIV-MARRA

ANDREW PRETKA et al.,

Plaintiffs,

vs.

KOLTER CITY PLAZA II INC.,

Defendant
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Kolter City Plaza II Inc.'s Motion to Dismiss Plaintiffs' Third Amended Class Action Complaint (DE 70); Defendant Kolter City Plaza II Inc.'s Request for Oral Argument on its Motion to Dismiss (DE 71) and Defendant Kolter City Plaza II Inc.'s Motion for Protective Order (DE 73). The Court has carefully considered the motions and is otherwise fully advised in the premises.

I. Background[1]

On March 7, 2011, the Court dismissed Plaintiffs Andrew Pretka, Paul Litvak, Michele Litvak, Peter O'Connell, Harriet Dinari, Bruce Fisher, Daniel D'Loughy, Helene Bednowitz, Mindy Bednowitz, Renee Pfefferbaum, Clarence Elder and Barbara Elder (collectively, "Plaintiffs") Second Amended Complaint which asserted a violation of Florida Statute § 718.202(3), with leave to amend this count to allege prejudice. Additionally, the Court denied Defendants Kolter City Plaza II Inc.'s ("Defendant") motion to dismiss the breach of contract claim. Plaintiffs subsequently filed a Third Amended Complaint ("TAC") (DE 67).

---

[1] The Court presumes familiarity with its prior Orders.

With respect to the allegations of prejudice, Plaintiffs make the following allegations:

The Class Plaintiffs allege that they were prejudiced by the absence of the Legend immediately above the place for each of their signatures on the Agreement.

The Class Plaintiffs, as laypersons, were unaware and unfamiliar with Florida Statute 718.202.

Kolter's sales representatives never discussed with the Class Plaintiffs, either in person or by telephone, nor advised them in writing what Florida Statute 718.202 was or what impact it may have on the Class Plaintiffs.

Kolter never explained the respective rights and obligations of the Class Plaintiffs, as purchasers, and of Kolter, as the developer, under Florida Statute 718.202.

Of critical importance to the Class Plaintiffs is that they were not made aware by Kolter that the purpose of Florida Statute 718.202 is to protect purchasers under preconstruction condominium contracts from loss of their deposits should the developer fail to perform its contractual obligations.

The Class Plaintiffs considered the Legend on page one of the Agreement to be standard Florida contract language, just like the other legends appearing on page one.

The Legend only appeared once in the Agreement.

Had the Legend appeared again for a second time immediately above the signature block, as it should have as a matter of law, its second, repeat, emphasis would likely have caused the Class Plaintiffs to pay much closer attention to it which possibly could have resulted in a number of eventualities.

First, since the Agreement called for a second payment in excess of 10% of the purchase price subsequent to the Agreement's execution, the Class Plaintiffs may have decided not to make that second payment in excess of 10% and decided, instead, only to deposit 10% against the purchase price as is their right under Florida Statute 718.202.

Second, the Class Plaintiffs would likely (or at least possibly) have undertaken additional inquiry of Kolter's sales representative as to why the Legend was set forth twice and inquire as to its import.

Depending upon the outcome of that conversation, the Plaintiffs would have, at minimum, obtained additional information surrounding their purchase, potentially decided to curtail the amount of their deposits, or even, conceivably, could have decided not to go forward with the transaction.

> Thus, the Class Plaintiffs were prejudiced by being deprived of the benefit of seeing the Legend a second, re-emphasized time, which could have caused them to take subsequent action including, but not limited to, changing the structure of the transaction by reducing the amount they placed in deposit, cancelling the transaction altogether, or, at the very least, obtaining additional information as to their rights and obligations.

(TAC ¶¶ 45-56.)

Defendant now moves to dismiss the TAC. Specifically, Defendant contends that Plaintiffs have failed to allege prejudice and therefore have not stated a violation of Florida Statute § 718.202(3). Defendant also moves for reconsideration on the breach of contract claim, stating Plaintiff's failure to demand Defendant complete their units within a reasonable time is fatal to this claim. Plaintiffs respond that their allegations of prejudice are sufficient to withstand the motion to dismiss and reconsideration is unwarranted.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III.  Discussion

A. Florida Condominium Act

The Court has reviewed Plaintiffs' allegations of prejudice and finds that they fall short of the requirement of the statute.  The obvious purpose of the statutory provision is to make it more likely a prospective purchaser will read the legend.[2]  If due to the failure to comply with the statute a purchaser does not read the legend, prejudice could be shown. Plaintiffs have been given two opportunities to make this allegation, but apparently cannot do so in good faith. The prejudice Plaintiffs allege either place disclosure burdens on a developer that the legislature did not require, or are pure speculation.  In view of the purpose of this statutory provision, if a purchaser actually reads the disclosure, it is immaterial where it is placed within the contract and there is no reason to have it appear twice.  Moreover, if the provision is actually read, the purchaser can make whatever inquiry he or she believes is appropriate regarding the developer's obligations under the Condominium Act, as well as the purchaser's rights and any attendant

---

[2] Even if the legislature required that the legend be placed in the contract on every page, in red 30 point capital letters, there is no guarantee that a purchaser would actually read the legend. The legislature can only exact requirements that will increase the likelihood that a prospective purchaser will read it.

4

risks. The legislature did not impose the disclosure obligations of which Plaintiffs claim they were deprived. Hence, Plaintiffs cannot claim prejudice based on a failure to obtain information the law does not require the developer to provide.

Simply put, the Court finds that the statute requires Plaintiffs to allege: (1) that they did not see the disclosure; (2) as a result of not seeing the disclosure, they submitted a larger down payment than they would have if they had read the disclosure; and (3) the money they gave as a down payment is no longer recoverable. Cf. Beach Place Joint Venture v. Beach Place Condo. Assoc.,458 So. 2d 439, 441 (Fla. Dist. Ct. App. 1984) ("Appellant urges that a good faith attempt was made to comply with the Condominium Act, chapter 718, Florida Statutes, and that the recording error should not be used to provide a windfall to the condominium owners. We agree."); Bruce v. O'Neill, 445 So. 2d 379 (Fla. Dist. Ct. App. 1984) ("we are doubtful as to the cause of action for statutory rescission [under section 718.506] where there is absolutely no demonstration that the plaintiff/purchaser was even slightly prejudiced by the technical statutory noncompliance of the seller.") The allegations of prejudice pled in the TAC do not assert any actual damage or injury.[3]

For these reasons, the Court finds Plaintiffs have failed to plead prejudice and count one of the TAC is dismissed with prejudice.

---

[3] Because a purchaser is not deprived of any statutory right if the purchaser read the disclosure, the Court rejects Plaintiffs' argument that the deprivation of a statutory right to have the disclosure in a particular location constitutes an injury (Resp. at 5).

5

B.  Breach of Contract

Despite the Court's previous Order ruling that the breach of contract claim could proceed, Defendant requests that the Court reconsider that ruling on the basis that Plaintiffs have not alleged that they demanded Defendant complete their units within a reasonable time.  (Mot. at 9.)

In reviewing a motion for reconsideration, the Court "will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." Prudential Securities, Inc. v. Emerson, 919 F. Supp. 415, 417 (M.D. Fla.1996) quoting American Home Assurance, Co. v. Glenn Estess & Assoc. Inc., 763 F.2d 1237, 1239 n.2 (11th Cir.1985). Courts generally limit reconsideration of earlier rulings to situations where the controlling law has changed, new evidence is available, or manifest injustice or clear error must be prevented. Williams v. Cruise Ships Catering and Service International, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004).  Finally, "reconsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.' " Mannings v. School Bd. of Hillsborough County, 149 F.R.D. 235 (M.D. Fla.1993).  After careful consideration, the Court finds that Defendant has not met this standard.

In making the argument for reconsideration, Defendant points to several cases that it claims hold that where a real estate contract does not expressly make time of the essence, a party cannot seek rescission without alleging it made a demand that performance be completed in a reasonable time.  (Mot. at 9.)  Even though the cases relied upon by Defendant are not new law and therefore were available to Defendant when moving for dismissal previously, the Court will nonetheless discuss these cases and explain why they are distinguishable from the instant case.

 In Lang v. Horne, 156 Fla. 605, 23 So. 2d 848 (1945), the Florida Supreme Court affirmed the lower court's decree dismissing an amended bill of complaint for rescission by the

purchaser of a sale of realty.  Much of <u>Lang</u> restates the lower court's decree, including the lower court's discussion of the purchaser's lack of demand for the delivery of abstracts as required by the sale agreement.  Specifically, the purchaser, who had possession and use of the land, did not demand the delivery of the abstracts from the seller until a dispute arose about the purchaser's right to cut timber from the land.  <u>Id.</u> at 852-53. The lower court found that the seller's failure to deliver the abstracts "cannot be made the basis for rescission under the circumstances of this case."  <u>Id.</u> at 853.  A careful reading of the <u>Lang</u> shows the discussion regarding the abstract is dicta.

In reaching its holding, the <u>Lang</u> court noted that "several bills of complaint show conclusively that plaintiff had by his own acts and deeds placed himself in position where he could not return the property in the same condition in which he received it . . . [when] he denud[ed] the land of . . . growing timber."  <u>Id.</u> at 853.  <u>Lang</u> went on to state that "a party who rescinds an agreement must place the opposite party in status quo and where restoration is impossible contract cannot be rescinded." <u>Id.</u>. (internal citations omitted).  Indeed, that this is the holding of <u>Lang</u> is made clear by the last line of the opinion which states "[w]e are only called upon now to determine whether or not the plaintiff may be allowed to rescind his contract when he is shown by his own pleading to have placed himself in position where he cannot place the defendants in status quo." <u>Id.</u>.  In other words, <u>Lang</u> affirmed the lower court on this limited basis and not because the lack of a prior demand.  Hence, the rule of demand urged by Defendant cannot be imposed on the basis of <u>Lang</u>.

The same analysis applies with respect to <u>Perry v. Benson</u>, 94 So. 2d 819 (Fla. 1957). There, the lower court had addressed two actions pertaining to a real estate contract; namely, (1)

an action to rescind the contract by the purchaser due to a title defect which was dismissed based upon the purchaser's failure to demand the seller cure the defect or by allowing the seller a reasonable time to cure the defect after putting the seller on notice and (2) after dismissal of the rescission action, an action for specific performance by the purchaser to waive the defect, take title and demand a conveyance.  The lower court dismissed the action for specific performance stating that the position of the purchaser in the second suit was inconsistent with the position taken by the purchaser in the first suit and he was bound by an election of remedies that prohibited him from maintaining the action for specific performance. Id. at 820-21.

     Like in Lang, in discussing the lower court's ruling, the Perry court noted the lower court's ruling regarding the lack of demand by the purchaser.  Id. at 821.  Perry went on to reverse the lower court's holding that the purchaser could not bring an action for specific performance because he was bound by an election of remedies.  The Court held instead that because the lower court found that the purchaser had not placed himself in a position to rescind, rescission was not available to him and it was error to dismiss the action for specific performance on the grounds that the purchaser was bound by an election of remedies. Id.  In other words, Perry addressed the rule regarding election of remedies, and any other statements in that case are dicta.[4]

     Thus, the Court cannot conclude, as a matter of law, that the breach of contract claim should be dismissed based upon Plaintiffs' failure to allege that they demanded Defendant

---

[4] The Court also rejects Defendant's reliance on In re: Mona Lisa Celeb., LLC, 436 B.R. 179 (M.D. 2010).  Not only is Mona Lisa not controlling, it was decided at the summary judgment stage as opposed to the pleading stage.  Furthermore, as discussed infra, the Court believes Defendant's point is best raised as a defense and should not be considered a pleading deficiency.

complete their units within a reasonable time.  That stated, the Court notes that this ruling does not preclude Defendant from raising this argument by way of defense.  See, e.g., De Huy v. Osborne, 96 Fla. 435, 118 So. 161 (1928) (laches may bar claim for specific performance even when time is not of the essence); Rybovich Boat Works, Inc. v. Atkins, 587 So. 2d 519, 521 (Fla. Dist. Ct. App. 1991) (noting affirmative defenses of waiver and estoppel in the context of time of the essence provisions); Cheezem Investment Program, Ltd. v. Thomas, 439 So. 2d 345, 346 (Fla. Dist. Ct. App. 1983) (noting affirmative defense of waiver in time of the essence context).

     Lastly, Defendant alleges Plaintiffs did not comply with Florida Statute § 718.503(1)(a) when it informed Plaintiffs, by an amendment to the Prospectus and an amendment to the Property Report, dated September 27, 2006, that the estimated completion date for the project was pushed back to July 31, 2008. (Mot. at 11.)  In support, Defendant attaches, for the first time, documents not attached to the TAC.  Given that Defendant provides no reason why this argument was not made previously, the Court could deny this argument on the sole basis that a motion for reconsideration should not be used to raise arguments that should have been made initially.  Cf. O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992).  That stated, the Court will simply note that, even assuming it is proper to consider Defendant's newly-attached documents and the application of Florida Statute § 718.503(1)(a), the Court cannot find, as a matter of law, that the only opportunity for Plaintiffs to rescind their contracts arose 15 days after September 27, 2006.  There are factual questions that preclude this finding at the motion to dismiss stage.  For example, perhaps the change in the completion date was not commercially unreasonable when proposed on September 27, 2006, but became so later when the units were not completed by July 31, 2008.  Thus, even assuming Florida Statute § 718.503(1)(a) permitted Plaintiffs to void the

9

contracts when they received the amendment regarding the completion date, Florida Statute § 718.503(1)(a) does not prohibit, as a matter of law, Plaintiffs' breach of contract claim on the facts alleged herein.

For the foregoing reasons, the Court denies Defendant's motion for reconsideration with respect to the breach of contract claim.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion to Dismiss Plaintiffs' Third Amended Class Action Complaint (DE 70) is **GRANTED IN PART AND DENIED IN PART**.

2) Defendant's Request for Oral Argument on its Motion to Dismiss (DE 71) is **DENIED**.

3) Defendant's Motion for Protective Order (DE 73) is **DENIED AS MOOT.**[5]

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of July, 2011.

_____
KENNETH A. MARRA
United States District Judge

---

[5] The basis for Defendant's motion for a protective order was that Defendant only be required to respond to Plaintiff's request for production if this case proceeds past the motion to dismiss stage.