UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-80706-CIV-MARRA/HOPKINS

ANDREW PRETKA, *et al.*,

      Plaintiffs,

v.

KOLTER CITY PLAZA II INC,

      Defendant.

_____/

### PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S REPORTS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTIONS FOR ATTORNEY'S FEES AND COSTS

      Plaintiffs Andrew Pretka, Paul Litvak, Michelle Litvak, Bruce Fisher, Beth Fisher, Daniel D'Loughy, Renee Pfefferbaum, Helene Bednowitz, Mindy Bednowitz, and Peter O'Connell, submit their objections to the magistrate's reports and recommendations regarding Kolter City Plaza II, Ltd.'s ("Kolter City Plaza") motions for attorney's fees and for costs, and state:

### Introduction

      The Plaintiffs and the additional plaintiffs represented by Scott Gelfand, P.A. (collectively "**Plaintiffs**"), are the preconstruction contract purchasers of 11 units in the condominium project known as "Two City Plaza" (the "Project") in West Palm Beach, Florida.[1] The Plaintiffs unsuccessfully sued to recover their earnest-money deposits paid to the Project's developer, in the aggregate amount of $1,056,940.00.  The deposit amounts per unit ranged from $50,800.00 to $121,600.00, with each deposit equal to 20% of the respective unit's purchase price.  While one plaintiff purchased three units, the remaining eight units were purchased by eight separate purchasers or groups of purchasers, each with no connection to the other unit

---

[1]     Plaintiffs incorporate herein the arguments and facts raised by Plaintiffs Elder and Dinari in their objections to the magistrates report, filed at DE 215-216.

purchasers, other than representation by the same law firm and inclusion in a single group lawsuit by their counsel.[2]

The magistrate judge (the "Magistrate") correctly concluded this case was a "straightforward" and "unremarkable breach-of-contract case" of "relative non-complexity" that "did not necessitate the level of staffing employed by" Kolter City Plaza's 13 lawyers.  [RR p. 7].[3]  Kolter City Plaza's counsel expended 3571.30 hours on this case, with legal fees totaling $1,422,954.50, which the Defendant reduced to $1,244,125.00 in its request for fees – still far in excess of the amount in controversy.  By contrast, Plaintiffs were represented by a single lawyer (with minimal assistance from his paralegal), who spent approximately 458 hours, with legal fees totaling $167,810.00.  Nevertheless, the Magistrate erred in the method he used to correct the over-staffing and over-billing.

When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.  *See, Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008)(court may engage in an across-the-board cut if the number of claimed hours is excessive, especially if billing records are voluminous); *Valencia v. Affiliated Group, Inc.*, 674 F. Supp. 2d 1300, 1309-10 (S.D. Fla. 2009)(Marra, J.) citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)(same) and *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2nd Cir. 1997)(court can exclude excessive hours and unreasonable hours by making an across-the-board reduction in the amount of hours).  Moreover, a district judge must modify or set aside any part of a magistrate's

---

[2] Plaintiff Elder purchased three units.  Plaintiffs Pretka and Litvak are siblings, with each contracting for a separate unit.

[3] Reference to the Magistrate's February 27, 2014 Report and Recommendation Regarding Defendant's Motions for Attorneys Fees will be referred to as "RR," followed by reference to the page number.

recommendation that is clearly erroneous or contrary to law. *Parra v. Minto Townpack, LLC*, 08-14168CIV, 2009 WL 2602678 (S.D. Fla. 2009)(p. 1).

In this case, the Magistrate failed to employ either one of the permitted methods for reducing the blatantly excessive fees requested by Kolter City Plaza. Instead, he chose to disregard the hours for the 10 lawyers who worked the *least* on this case, concluding their hours were "relatively insignificant compared with the hours logged by the remaining five attorneys...," while leaving untouched the hours billed by the remaining five attorneys (*i.e.*, 2566.8). Not one dollar was reduced from the five highest billing attorneys for things such as duplication of effort, block billing, or any other of the myriad reasons the Magistrate should have employed. This tactic of subtracting "relatively insignificant" fees while leaving more significant fees completely untouched is simply nonsensical.

### Attorney's Fees

The Magistrate's analysis is based, in part, upon the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. [RR p. 4]. In this regard, Plaintiffs urge the Court to consider *Kaufman v. Swire Pacific Holdings, Inc.*, (SD Fla. 2009) case no. 09-20160, which was a similar preconstruction deposit-recovery case in the Southern District, also filed in 2009, where Greenberg Traurig, PA's ("Greenberg Traurig") Miami office represented the developer in a case which was removed from state to federal court, decided on summary judgment, and appealed to the 11th Circuit. While the experience level of Greenberg Traurig's lawyers was comparable to the five lawyers considered by the Magistrate, and the issues were analogous, the claimed attorneys' fees were dramatically different, with the fees requested in this case being **23 times higher** than the

amount awarded in *Kaufman* through the granting of the defendant's motion for summary judgment (Greenberg Traurig requested $72,684.65 based upon 196.3 hours, and was awarded $54,025.00). [*Kaufman* DE 81, DE 90-1]. *Kaufman* will be referenced, where applicable, below.

### 1. The Fee Request Is Excessive

If fee applicants do not exercise billing judgment, courts are obligated to do it for them, by cutting the amount of hours for which payment is sought, and pruning out those hours which are excessive, redundant, or otherwise unnecessary. *ACLU v. Barnes,* 168 F.3d 423, 428 (11th Cir.1999) and *Parra, supra*, at p. 4. Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded. *Id.*

### a. Complexity

The complexity of litigation is one factor to consider in assessing a fee award's reasonableness. *Bailey v. Dart Container Corp.of Michigan*, 980 F.Sup.584, 593 (D. Mass. 1997). By the Magistrate's own conclusion, this action was one of "relative non-complexity," and both the governing law and contractual language were "straightforward,' making this action an "unremarkable breach-of-contract case." [RR p. 7]. The obvious implication of these comments is this action was fairly simple and therefore should have been resolved quickly and without extensive discovery – and the Magistrate gives no reason why a quick resolution should not have been achieved.

The Magistrate cites examples of what he calls the Plaintiffs' "aggressive prosecution of this lawsuit," which he says caused Defendant's counsel to devote a "significant amount of time" to this case; however, he does not say whether those actions inhibited or delayed the filing of

Kolter City Plaza's motion for summary judgment (which was not filed until <u>three years</u> after this action was removed to federal court, and almost 11 months after answering the third amended complaint).[4]  [RR p. 10].

Under these circumstances, Kolter City Plaza should be regarded as having unnecessarily protracted this lawsuit, which is sufficient grounds for reducing or even denying an award of attorney's fees.  *See, United Companies Life Ins. Co. v. Sabino* (2002 WL 483526)( SD Ohio 2006)(p. 2)(party which unnecessarily protracted the lawsuit is not entitled to attorney's fees award); *Metropolitan Life Ins. Co. v. Barretto*, 178 F.Supp.2d 745, 751 (SD Texas 2001)(attorney's fees can be awarded against a party who improperly protracted the proceedings); and *Fischer by Fischer v. Rochester Community Schools*  780 F.Supp.2d 1142, 1150 (ED Mich. 1991)(fees provided by statute were denied when attorney caused the party to unreasonably protract a final resolution of the controversy).

**b.  <u>Overstaffing</u>**

The Magistrate's comments of this action being "straightforward" and "unremarkable" also undermines his conclusion that five attorneys (instead of 13) to defend the case was reasonable.  [RR p. 7-8]. *See, Bailey, supra* (the number of attorneys used is a factor to consider in assessing a fee award's reasonableness).  The complexity of this action did not require more than two attorneys (*i.e.,* one partner and one associate) to sufficiently handle the litigation – especially when Plaintiffs' counsel did so with only a legal assistant.  *See*, *Scott v. Schedler*, 2013 WL 5739070 (ED La. 2013)(p. 8) (plaintiffs' victory "…did not require the overblown amount of litigation activity of plaintiffs' counsel"); *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945,

---

[4] By contrast, in *Kaufman*, which was filed a little over three months before this case, the developer's counsel moved for summary judgment less than 10 months after plaintiff filed suit. [Kaufman DE 50].

953-54 (5th Cir. 1984)(a litigant is entitled to fees for an effective and competitive representation, but not one of superogation); *Lipsett v. Blanco*, 975 F.2d 534, 938 (1st Cir. 1992)(trial court should have healthy skepticism of a claim that several lawyers were required to perform a single set of tasks); and *United Nuclear Corp. v. Cannon*, 564 F. Supp. 581, 590 (D RI 1983)(trial courts should zealously guard against any propensity to over-staff litigation).

The Magistrate's conclusion is unsupported by any reasoning or case law, which strongly suggests he reached it merely because Kolter City Plaza was granted summary judgment, which is highly improper.  *See, Hensley v. Eckerhart*, 103 S.Ct. 1933, 1942, n. 15 (1983)(a conclusory statement that a fee is reasonable in light of the success obtained is generally insufficient); *Adams v. Mathis*, 752 F.2d 553, 554 (11th Cir. 1985)(results are not the controlling criteria in determining why a fee is excessive or not); and *People Who Care v. Rockford Bd. of Ed.*, 90 F.3d 1307, 1314 (7th Cir. 1996)(court's focus should not be on the success or failure of the attorney's actions, but on whether those actions were reasonable).  Regardless of why he reached this conclusion, however, this lack of support shows it to be clearly erroneous.  Consequently, the Court should reduce the requested fee to reflect the use of only two attorneys (*i.e.,* one partner and one associate) on this case.

### c.  Overbilling

#### i.  Hourly rate

To calculate a reasonable attorney's fee, the court must multiply the hours reasonably expended on the litigation by a reasonable hourly rate.  *Bivens v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).  A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

experience, and reputation.  *Blum v. Stenson*, 104 S.Ct. 1541, 1547 (1984) and *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The fee applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.  *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987).  At a minimum, satisfactory evidence requires more than the affidavit of the attorney performing the work and it must speak to rates actually billed and paid in similar lawsuits.  *Norman, supra.*

The hourly rates of the five attorneys whose time the Magistrate awarded ranged from $215-$495; however, the only support Kolter City Plaza offered for these rates was an affidavit stating they were "reasonable," without addressing rates in similar lawsuits (*i.e.*, preconstruction deposit-recovery cases).[5]  Consequently, this affidavit is legally insufficient to determine the reasonableness of these rates, because it fails to explain how they are comparable to rates typically charged in this legal community by comparable attorneys for similar legal services.  *See, Id.*, at 1304 (affidavit which attests only a requested fee's reasonableness, without hardly mentioning prevailing market rates, provides little or no evidentiary support for an award).

Kolter City Plaza's failure to produce adequate information regarding its attorney's rates is, by itself, sufficient reason to justify a fee reduction.  *ACE, Ltd. v. Cigna Corp*, 2001 WL 1286247 (SD NY 2001)(p. 6), citing *General Electric Co.v. Compagnie Euralair, SA,* 1997 WL 397627 (SD NY 1997)(p. 5)(fee request reduced when plaintiff's counsel did not provide the court with adequate information as to counsel's experience level or why the billing rate was reasonable).  In two similar cases for the recovery of preconstruction deposits litigated in the Southern District in 2009 (also with Miami law firms representing the developers), the Court

---

[5] The magistrate in *Kaufman* denied requested hourly rates of $690 and $570 for two partners at Greenberg Traurig, PA (with 20 years and 19 years of experience as of 2009, respectively) instead allowing them an hourly rate of $450.  DE 90, 3/16/10 (p. 11).

determined that lower hourly rates were reasonable.   In *Kaufman*, the magistrate denied requested hourly rates of $690 and $570 for two partners at Greenberg Traurig (with 20 years and 19 years of experience as of 2009, respectively), instead allowing them an hourly rate of $450.  [Kaufman DE 90, 3/16/10 (p. 11)].  In *Parra, supra*, where defendant's counsel requested fees ranging from $160.00 - $400.00 per hour, the district court said "the hourly rates are higher than customary for this type of litigation," and therefore the court permitted hourly rates ranging from $100.00 to $325.00 per hour.  Accordingly, the magistrate's failure to reduce any of the five lawyers' hourly rates was *per se* unreasonable for this type of litigation.

**ii Time records**

Fee applicants are required to exercise billing judgment, which means a lawyer must exclude hours that would be unreasonable to bill a client – and therefore to one's adversary, irrespective of the lawyer's skill, reputation, or experience.  *Norman, supra*, at 1301.  Billing judgment recognizes the economically rational person engages in some cost-benefit analysis.  *Id.* Therefore, the fee awarded must be reasonably-related to the client's exposure on the claims against him.  *See, Peter Fabrics, Inc. v. SS Hermes*, 765 F.2d 306, 319-20 (2nd Cir. 1985) and *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1264 (2nd Cir. 1987)(an award which exceeds the amount involved in litigation is rarely found to be reasonable).

The party seeking payment must keep records in sufficient detail for a neutral judge to make a fair evaluation of the time expended, the service's nature and need, and the reasonable fees to be allowed.  *American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Co.*, 278 F.Supp.2d 1301, 1318 (MD Fla. 2003), citing *Hensley, supra*, at 1933.  *Accord, Norman, supra*, at 1303 (fee applicant bears the burden of documenting appropriate hours and

rates). When the documentation of hours is inadequate, the district court may reduce the award accordingly.  *Id.  See also, Perkins v. Mobile Housing Board*, 847 F.2d 735, 738 (11th Cir. 1988) (court may reduce excessive, redundant, or otherwise unnecessary hours in the exercise of billing judgment) and *Cullens v. Ga. Dept. of Transp.*, 29 F.3d 1489, 1492-93 (11th Cir. 1994)(district court is empowered to exercise discretion in determining an award's reasonableness).

To support its fee request of $1,244,125.00, Kolter City Plaza has submitted its counsel's time records [DE 194, attachments 1-4, 10/21/13]; however, these records reveal several issues which make the requested fee award unreasonable – and which the Magistrate failed to either consider or address.  These issues are:

**iii Overall amount**

As stated, an economically rational client engages in some cost-benefit analysis, whereby a reasonable fee is reasonably-related to the client's exposure – and that amount rarely exceeds the amount in litigation.   *Norman, Peter Fabrics,* and *F.H. Krear, supra.*  In this action, the client's exposure was, at most, $792,705.00, which was 75% of the Plaintiffs' total deposits (*i.e.*, $1,056,940.00).[6]  Nevertheless, Kolter City Plaza's requested fee award exceeds this amount by almost 18%, which, on its face, is unreasonable

**iv Block billing**

Block billing occurs when multiple individual tasks are grouped – or blocked – into a single time entry, thereby making a determination of how much time was spent on each discrete task impossible.  This practice is not preferred, because it frustrates the court's ability to assess a

---

[6] Kolter City Plaza was required – by both statute (15 USC§1703(d)(3)) and contract (sec. 14) – to refund 25% of the total deposits, <u>even if the Plaintiffs breached the purchase contracts or wrongfully refused to close</u>, because the contract regarded the remaining 75% as liquidated damages.  Therefore Kolter City Plaza should have refunded $264,235.00, however, only $37,164.63 was refunded (to two Plaintiffs), leaving $227,070.37 to be subtracted from the Plaintiffs' total deposits.

fee request's reasonableness. *Broekelschen v. Sec. of HHS*, 2008 WL 5456319 (Cl. Ct. 2008)(p. 4). *Accord, Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007)(block billing makes it more difficult to determine how much time was spent on particular activities) and *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 971 (DC Cir. 2004)(reducing requested hours because counsel's practice of block billing made evaluating their reasonableness impossible).

Kolter City Plaza's time records [DE 194, attachments 1-4, 10/21/13] are littered with this practice, with each entry containing vague descriptions of how the stated time was expended, thus preventing anyone from ascertaining how much time pertains to each task in the entry. *See, Id.* For example, a 9.0-hour time entry ($2160.00) by attorney D.A. Karp on March 28, 2012 includes the following, with no break-down or apportionment between the various tasks:

> Draft motion to compel; review deposition transcripts; review motion, response and court order denying motion to bifurcate discovery; research federal law on whether attorney-client privilege applies to fee arrangements; research federal law on relevance of fee arrangements to adequacy of class representative; research federal law regarding whether privilege applies to facts or information provided to client by counsel; research federal law on relevancy of class representative's knowledge of case to determination of whether plaintiff can adequately serve as class representative; research federal law on nature of attorney client privilege in class action context. [DE 194-4, p. 6].

This example is typical; even a cursory review of these records shows *almost every entry –* regardless of attorney, time spent, or tasks performed -- to be block-billed, which justifies a significant reduction in the fee request. *American Charities* and *Hensley, supra. See also, Scelta v. Delicatessen Support Svcs., Inc.*, 203 F.Supp.2d 1328, 1334 (MD Fla. 2002)(disallowing recovery for vague or unclear time entries). Also, Plaintiffs' counsel does not have to scrutinize Kolter City Plaza's time records to assess their reasonableness. *American Charities, supra.*

**v Duplication/redundancy**

Kolter City Plaza's time records also show the same tasks having been performed by multiple timekeepers (examples of such entries are shown at DE 181-3), which is a common issue on overstaffed litigation – and for which the trial court should deduct from the requested fee award. *Norman, supra*, at1301-02 (trial court is tasked with deducting for redundant hours, which generally occur where more than one attorney represents a client) and *Perkins, supra*.

**vi Comparison with Plaintiffs' Counsel**

The excessiveness of Kolter City Plaza's time records becomes even more evident when compared to the time spent by Plaintiffs' counsel, which is a comparison the court may make. *See*, *Heng v. Rotech Medical Corp.*, 720 NW2d 54, 65 (ND 2006)(a comparison of hours and rates charged by opposing counsel is probative of the reasonableness of a request for attorney fees by prevailing counsel); *Jowers v. BOC Group, Inc.*, 608 F.Supp.2d 724, 784, n. 291 (SD Miss. 209), *rev'd on other grounds*, 617 F.3d 346 (5th Cir. 2010)(same); and *City of Blaine v. Golder Associates, Inc.*, 2006 WL 3000131 (WD Wash. 2006)(p. 2)(when evaluating a fee award's reasonableness, the court may consider opposing counsel's hourly rate).   The time records for Plaintiffs' counsel (all of which are at DE 181-5) show his fee was less than **one seventh** the fee requested by Kolter City Plaza's counsel (*i.e.*, $1,244,125÷$167,810 = 7.4).

**vii Length of Time on Discrete Tasks**

Kolter City Plaza's time records also reflect unnecessarily lengthy amounts of time spent on particular tasks (examples of such entries are shown at DE 181-4), again for which the court should deduct from the requested fee award.  *See, Norman, supra.*

**viii Lack of a summary**

The Eleventh Circuit has held that a well-prepared fee petition would include a summary which groups the time entries by the nature of the activity or stage of the case. *Norman, supra,* at 1303. Kolter City Plaza has failed to provide the Court with any such summary.

These issues show Kolter City Plaza has failed to meets its burden of demonstrating its requested fee award is reasonable. *NAACP* and *Norman, supra.* Given this action's relative simplicity, the failure to show reasonableness of hourly rates, the overbilling, the overstaffing, and the poor recordkeeping, Kolter City Plaza's requested fee award should be cut by at least 75%. This figure is in line with across-the-board cuts in other cases where the requesting party showed the same lack of billing judgment. *See*, *ACE,supra*, at p. 7 and *General Electric, supra*, at p. 6 (50% across-the-board reduction of fee requests was appropriate because of inadequate proof of hourly rates' reasonableness, overstaffing, excessive conference time, and excessive time on various tasks); *Valencia, supra* (60% across-the-board reduction for prolonging litigation in case where claims and legal questions were not novel and there was nothing unique about the case which required the skills of a lawyer with plaintiff's counsel's level of experience); *Parra, supra* (70% across-the-board cut, *in addition to* reducing attorney's hourly rates)(emphasis added); and *Scott, supra* (75% fee reduction recommended for rampant duplication of effort, gross overstaffing, and redundancy of attorney work).

**Regardless of how much in fees the court decides to award Kolter City Plaza, the Plaintiffs are entitled to a credit for the amount of their deposits which was wrongfully retained by Kolter City Plaza. As stated in note six, both the contract and applicable federal law entitled the Plaintiffs to a 25% deposit refund – regardless of whether they**

breached the contract or wrongfully refused to close.  This figure came to $264,235.00, of which Kolter City Plaza refunded $37,164.63.   Accordingly, $227,070.37 should be deducted from any amount of fees awarded to Kolter City Plaza.

    **2.  The fee award should be apportioned**

        a.  <u>Joint and several liability would be improper</u>

Kolter City Plaza is asking the Court to impose joint and several liability for its fee award, which is another issue the Magistrate did not address.  Kolter City Plaza's fee award is based on a contract; however, the relevant contractual provision did not call for joint and several liability.[7]  *See, Price v. Tyler*, 890 So.2d 246, 250 (Fla. 2004)(under Florida law, attorney's fees may be awarded only pursuant to a statute or contract between the parties) and *Johnson Enterprises of Jacksonville, Inc. v. FP&L, Inc.*, 162 F.3d 1290, 1329 (11th Cir. 1998)(same).

Furthermore, each of the Plaintiffs had a separate contract with Kolter City Plaza, making joint and several liability for a fee award based on litigating all the contracts improper.  *See, Best Buy Stores v. Developers Diversified Realty Corp.*, 2011 WL 1321391 (D. Minn. 2011)(p. 4)(joint and several liability inappropriate when fee award is pursuant to each defendant's respective lease) and *Palatine Nat'l. Bank of Palatine, Ill. v. Olson*, 366 NW2d 726, 732 (Minn. App. 1985)(in the absence of a controlling statute, there is no joint and several liability for debtors with separate obligations on separate contracts).

        b.  <u>Joint and several liability would be inequitable</u>

If joint and several liability is not mandatory, fees and costs may be apportioned.  *Novus Centuriae Reinsurance Co. v. Smith Assoc. Ins. Agency, Inc.*, 2013 WL 1748570 (Mich. App.

---

[7] This provision (para. 20j) states "In the event of litigation to enforce any of the terms and provisions of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees incurred (including fees for appeals) together with costs and disbursements."

2013)(p. 3).   Apportionment shall be made at the trial court's discretion, as it deems appropriate. *Cole v. Angora Enterprises, Inc.*, 403 So.2d 1010, 1013 (Fla. 4th DCA 1981).  *Accord, Feemster v. Schurkman*, 291 So.2d 622, 630 (Fla. 3rd DCA 1974) and *Council for Periodical Distributors Assns., Inc. v. Evans*, 827 F.2d 1483, 1487 (11th Cir. 1987).   In apportioning fees, the court should make every effort to achieve the most fair and sensible solution possible.  *Evans, supra* at 1488; *Grendel's Den, supra* at 960; and *Short v. Wells Fargo Bank Minnesota, NA*, 2006 WL 1589611(SD W.Va. 2006)(p. 6).   *See also*, *Michael v. Windsor Gardens, LLC*, 2005 WL 1320189 (ED Tenn 2005)(p. 14)(a court should strive to make an equitable apportionment).

In general, fees should be divided equally among principal defendants.  *Grendel's Den, supra*, citing *Vulcan Society of West Chester Co., Inc. v. Fire Dept. of White Plains*, 533 F.Supp.2d 1054, 1064 (SD NY 1982).  This rule is especially true where each defendant has equal liability.  *See, Id.* (when issues are interrelated, fees should generally be divided equally among the principal defendants); *Evans, supra*, at 1487 (fees can be divided equally where wrongdoers are roughly equal and the court does not want to impose joint and several liability); *Berry v. School Dist. of City of Benton Harbor*, 703 F.Supp. 1277, 1287 (WD Mich. 1986)(interrelationship of all issues and claims may cause a court to apportion a fee award equally or roughly equally); and *Harvey v. Mohammed*, 951 F.Supp.2d 47, 60 (DC DC 2013)( issues are so interrelated that separating time spent litigating against each defendant is impossible).

Imposing Joint and several liability in this action would be fundamentally unfair and inequitable, because doing so could disproportionately punish one plaintiff for an infringement affecting all of them.  *See, Miroglio, SPA v. Conway Stores, Inc.*, 629 F.Supp.2d 307, 317 (SD NY 2009)(joint and several liability for entire fee award would disproportionately punish one

retailer for an infringement involving one manufacturer and multiple other retailers) and *Walker v. U.S. Dept. of Housing and Urban Devel.*, 99 F3d 761, 772 (5th Cir. 1996)(joint and several liability is reversible if it would lead to an inequitable result).  The Plaintiffs tried to preserve judicial economy (*i.e.*, one trial instead of several) and avoid inconsistent rulings by suing collectively to recover their deposits paid under their respective contracts with the Defendant. They should not be penalized for doing so by being made jointly and severally liable for Kolter City Plaza's entire fee award.  Therefore, the fairest method of apportioning fees would be to do so either equally or proportionally according to a *pro rata* share of the Plaintiffs' total deposits.

**Costs**

**1.  The Contractual Costs Provision Was Ambiguous**

Contractual provisions for the payment of attorney's fees and other associated costs are to be strictly construed and any ambiguities should be resolved against the drafter.  *Matter of Cuisinarts, Inc.*, 115 BR 744, 749 (D. Conn. 1990).  *Accord, in re Stark*, 242 BR 866, 872 (WD NC 1999).  *See also, Warfield v. Stewart*, 434 Fed. Appx. 777, 784 (11th Cir. 2011)(Florida courts strictly construe contractual attorney's fee provisions); *City of Homestead v. Johnson*, 760 So.2d 80, 84 (Fla. 2000)(an ambiguous term in a contract is to be construed against the drafter). In following this principle of strict construction, other decisions have said a cost-recovery provision should be clear about whether it provided for the recovery of non-taxable costs.  *See, Royal Palace Hotel Associates, Inc. v. International Resort Classics, Inc.*, 178 FRC 595, 602-03 (MD Fla. 1998)(recovery disallowed for items sought to be included as costs under contractual term of "court costs, etc.," because "etc." was unclear)[8]; *Columbia Data Products, Inc. v.*

---

[8] In *Royal Palace*, the court noted as significant the fact that no party argued the provision at issue was meant to include anything other than taxable costs under 28 USCA §1920.  The Magistrate noted (at p. 6) – without comment -- that Kolter City Plaza did not offer any legal support for the additional costs it seeks.  In contrast, he said the plaintiffs' failure to argue for a narrow interpretation of the phrase "and

*Symantec Corp.*, 2008 WL 4365295 (MD Fla. 2008)(p. 3)(settlement agreement at issue expressly included litigation expenses, including both taxable and non-taxable costs); and *Warfield v. Stewart*, 2010 WL 731792 (MD Fla. 2010)(p. 6)(fee-shifting provision must be clear that non-taxable costs, including expert-witness fees, are recoverable).

The magistrate says the phrase "and disbursements" in the provision at issue suggests the parties "did not intend to confine the prevailing party's recovery of costs to those outlined in 28 USCA §1920." (p. 8). This phrase is the basis for the Magistrate's conclusion that Kolter City Plaza is entitled to recover its additional, or non-taxable (*i.e.*, those not provided for by statute) costs; however, this phrase is obviously ambiguous about what costs are recoverable – and a fee-shifting provision must be clear about whether it allows for the recovery of non-taxable costs. *Warfield v. Stewart*, 2010 WL 731792(MD Fla. 2010)(p. 6). There is simply no reason why Kolter City Plaza -- as the contract's drafter -- could not have specifically provided for the recovery of additional or non-taxable costs, and therefore this phrase should be strictly construed against Kolter City Plaza to disallow the recovery of any such costs. *See, Id.*

**2.   A Cost Award Must Be Reasonable**

Even if this court is inclined to award Kolter City Plaza its additional or non-taxable costs, Kolter City Plaza is not automatically entitled to *all* of those costs; they must still be reasonable. *See, Jessup v. Miami-Dade County,* 2011 WL 294417 (SD Fla. 2011)(p. 1) (prevailing party is entitled to its reasonable costs). The Magistrate awarded Kolter City Plaza $144,803.85 for the non-taxable costs it was seeking; however, there was no examination or determination of whether this figure was reasonable, as required by this court's ruling. Therefore, the Magistrate's recommendation goes against the purpose of cost-recovery provisions, which is to protect and indemnify the parties' interests, not to enrich the prevailing

disbursements" was "notab[le]" (p. 8). Commenting on the Plaintiffs' failure to support their argument, while not commenting on the same failure by Kolter City Plaza, suggests a bias toward Kolter City Plaza.

party.  *Columbia Data Products, Inc. v. Symantec Corp.*, 2008 WL 4365925 (MD Fla. 2008)(p. 3)(emphasis added).  Accordingly, the amount sought must be scrutinized for reasonableness. *Jessup, supra.*

WHEREFORE, the Plaintiffs request Kolter City Plaza's requested fee award be reduced by at least 75% (or allow only those fees incurred in obtaining the facts on which its motion for summary judgment was based), the contractual costs provision be declared ambiguous and therefore any recovery for non-taxable costs be disallowed, and all costs and fees be apportioned equally (or proportionally according to a *pro rata* share of the Plaintiffs' total deposits). **Furthermore, the Plaintiffs request a credit of $227,070.37 from any amount awarded to Kolter City Plaza**.  Finally, the Plaintiffs request any further relief the court deems proper.

## CERTIFICATE OF SERVICE

I hereby certify having served and filed, by CM/ECF, copies of the foregoing on April 2, 2014 to Jason Domark, Esq. and Jaime A. Bianchi, Esq., White & Case LLP.

> JOSEPH E. ALTSCHUL, LLC
> 1911 NW 150th Ave., # 203
> Pembroke Pines, FL 33028
> (954) 556-4821 – Telephone
> (954) 343-5600 – Facsimile
>
> By: /s/Joe Stern_____
> Joseph Stern, Esq., *of counsel*
> Florida Bar No.: 30902
> joe@jealegal.com
> stern@jealegal.com
> anna@jealegal.com

17