UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-80706-CIV-MARRA/HOPKINS

ANDREW PRETKA, *et al.*,

    Plaintiffs,

v.

KOLTER CITY PLAZA II INC,

    Defendant.
_____/

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S REPORTS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTIONS FOR ATTORNEY'S FEES AND COSTS**

    Plaintiffs Andrew Pretka, Paul Litvak, Michelle Litvak, Bruce Fisher, Beth Fisher, Daniel D'Loughy, Renee Pfefferbaum, Helene Bednowitz, Mindy Bednowitz, and Peter O'Connell submit their Reply to Kolter City Plaza II, Ltd.'s ("Kolter City Plaza") Response to their objections to the magistrate's reports and recommendations on attorney's fees and costs, stating:

**Introduction**

    As stated *infra* and in the Plaintiffs' Objections to the Magistrate's reports (DE 218), the courts are not authorized to be generous with the money of others, and cost-recovery provisions do not exist to enrich the prevailing party. This case is a textbook example of how Kolter City Plaza is nevertheless asking this court to do exactly that.

**Alleged class action**

    The Plaintiffs take serious issue with Kolter City Plaza's repeated assertion of this case being a class action on behalf of 318 condominium purchasers demanding the return of approximately $30,000,000 in deposits (DE 219, at pp. 2, 11 & 12). This claim is simply not

true, because this case was never certified as a class action.[1]  Accordingly, the amount at issue was limited to the total deposits of the named plaintiffs, which was $1,056,940.00.  *See, Ludike v. Sprint Nextel*, 2010 WL 299150 (SD Ind. 2010)(p. 1)(only named plaintiffs' claims are at issue where the court has not certified a class).  In other words, Kolter City Plaza's claim that its potential exposure is approximately $30,000,000 is, to be diplomatic, inflated (DE 219, at p. 11).

**Waived arguments**

The Plaintiffs also take issue with another repeated assertion, that their arguments should be either rejected as having already been made to the Magistrate or waived for having never been made (DE 219, at pp. 3, 4, 6, 7, 8, 12 & 13).  This logic illustrates a typical "heads, I win; tails, you lose" situation, because it serves to exclude *every* arguments the Plaintiffs have made *or could have made*.  In support, Kolter City Plaza cites *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) as saying "requiring the district court to consider new arguments would eliminate efficiencies gained through the Magistrate's Act and would unfairly benefit litigants who could change their tactics after issuance of the magistrate judge's report" (DE 219, at p 8). *Williams* makes this statement merely to explain why some Federal Circuits have held that *de novo* review of a magistrate's ruling does not include new arguments; **however, the court did not adopt this extreme approach**.  *See, Id.*, at 1291-92.  Instead, the 11th Circuit has taken a middle-of-the-road approach, between requiring the district courts to consider all arguments, regardless of whether they were made to the magistrate judge, and requiring the district courts to reject all arguments not made to the magistrate judge.  Consequently, the 11th Circuit has given the district courts discretion over whether to consider arguments not raised before the magistrate judge.  *Id.* at 1292.  *Accord, U.S. v. Franklin*, 694 F.3d 1, 6 (11th Cir. 2012)(a district court does not abuse its discretion by accepting an argument not raised before the magistrate judge).

---

[1] Even if this claim was true, this argument suggests Kolter City Plaza's attorneys would have worked more diligently if more condominium unit owners (and money) were involved.

**Comparison to Kaufman**

Kolter City Plaza argues the case of *Kaufman v. Swire Pacific Holdings, Inc.*, case no. 09-20160 (SD Fla. 2009) is not comparable to this case, because it was smaller in terms of the amount at issue, motions filed, and discovery conducted (DE 219, at pp. 4 & 10).  None of these factors, however, detracts from why the Plaintiffs cited *Kaufman* as being comparable, which was because the issues were similar and resolved quickly (*i.e.*, on summary judgment).

**Overstaffing**

Kolter City Plaza argues an across-the-board cut to the hours claimed does not have to apply to every attorney, because such cuts can be "tailored."  While other courts have made "tailored" cuts, when billing entries are voluminous (as they are here) a district court does not have to review each entry for reasonableness (DE 219, at p. 5).  *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).  **Instead, the proper remedy when there is a lack of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment.**  *Knights Armament Co. v. Optical Systems Technology, Inc.*, 2012 WL 3932863 (MD Fla. 2012)(p. 15), citing *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996).

Kolter City Plaza argues the Plaintiffs mischaracterized *Scott v. Schedler*, 2013 WL 5739070, which was cited for the proposition that a relatively non-complex action can easily be overstaffed (DE 219, at p. 6).  The decision to reduce fees in *Scott* was based in part on the prevailing parties' achieving what the court called a "modest success," and Kolter City Plaza claims that, by prevailing on all counts, its victory was more substantial.  Defining "substantial" by the number of claims won is highly misleading, because this definition conveniently excludes cases which, as the magistrate put it, are "simple," "straightforward," and "unremarkable."[2]

---

[2] The judgment in *Scott* resulted in a permanent injunction against the defendants which was minimal in breadth, to ensure their continuing efforts to fully comply with a civil rights law (with which they were already in substantial compliance). *Id.*, at p. 11

3

*Scott* is quite analogous to this case, because the court decided a 75% reduction of a multi-million-dollar fee for the use of 13 attorneys and four paralegals was appropriate, due to the following factors: exorbitant hourly rates, when compared to the local market; extreme overstaffing, which resulted in duplication of effort and several attorneys performing tasks requiring only one or two attorneys; a failure to exercise prudent billing judgment and inadequate voluntary reductions of fees; and only modestly successful results, which did not merit recovery of the fee amount sought. *Id* at p. 1.  Furthermore, despite the fee amount sought (*i.e.*, $2,826,523.00, reduced from $2,894,514.80), the court opined that plaintiffs' lead counsel could easily have handled the case with the assistance of, at most, three associates. *Id.*, at p. 7.

Kolter City Plaza claims a significant amount of its attorneys' time was expended because of what the magistrate called the Plaintiffs' "aggressive prosecution" of this lawsuit (DE 219, at pp. 6, 9 & 10).  As the Plaintiffs said, the magistrate failed to indicate whether those actions inhibited or delayed Kolter City Plaza in filing its motion for summary judgment (DE 218, at pp. 4-5).  Furthermore, the party who aggressively prosecuted this case was Kolter City Plaza, not the Plaintiffs (*i.e.*, what Kolter City Plaza calls a "Stalingrad defense"), by filing a motion to remove this case from state to federal court, filing multiple motions to dismiss (DE 5, 43, and 70), and pursuing a 13-month challenge to the Plaintiffs' motion for remand.

**Block billing**

Kolter City Plaza argues the Plaintiffs' cannot object to its time records as being block-billed, because they have failed to identify specific time records (DE 219, at p. 7).  This argument is incorrect, because the relevant inquiry is not whether block billing was used, but whether the time records are sufficient to allow an opposing party to determine whether there are objections and sufficient to allow the court to resolve those objections. *Rasic v. City of Northlake*, 2010 WL 5313774 (ND Ill. 2010)(p. 3).  *See also, In re Americanwest Bankcorporation*, 2013 WL 5511352 (ED Wash. 2013)(p. 4)(to support a fee award, block-billed

invoices must contain sufficient detail for the opposing party and the court to determine the reasonableness of the fees being charged). Given the vagueness of Kolter City Plaza's billing records, and that the Plaintiffs did not have to scrutinize those records for reasonableness, the Plaintiffs' objections were as specific as possible. *See, Rasic, supra.*

**Hourly rates**

Kolter City Plaza argues its affidavit (DE 174-1) provided sufficient evidence for the reasonableness of its attorney's hourly rates, because that affidavit said those fees were reasonable for "services rendered in an action of this type" (DE 219, at p. 10); however, as a matter of law, this statement is insufficient. As the Plaintiffs stated (DE 218, at p. 7), this affidavit was legally insufficient because it failed to explain how the rates for Kolter City Plaza's attorneys were comparable to typical rates in this legal community by comparable attorneys for similar legal services, and therefore it provided no evidentiary support for a fee award (DE 218, at p. 7). *See, NAACP v. City of Evergreen,* 812 F.2d 1332, 1304 (11th Cir. 1987).

**Claim for a credit**

Kolter City Plaza argues the Plaintiffs' claim for a credit of $227,070.37 against any fee award is unfounded (DE 219, at p. 11); however, this claim is not actually contradicted, because the amount is not disputed and there is no explanation for why all of the Plaintiffs were not given the partial refund to which they were legally entitled (pursuant to 15 USC§1703(d)(3) and sec. 14 of the parties' contracts). Instead, Kolter City Plaza merely says it "tendered all deposit amounts it was required to return" (DE 219, at p. 11), which is merely an attempt to avoid this argument, rather than address it.

**Joint-and-Several liability**

Kolter City Plaza claims the Plaintiffs' argument against imposing joint-and-several liability for its fee award is an attempt to re-litigate this issue (DE 219, at p. 12). The basis for this claim seems to be non-existent, because this court's judgment (DE 188, at p. 4) says the

motion for fees is "granted with respect to entitlement": there is no mention at all of joint-and-several liability. In support, Kolter City Plaza cites several class-action cases where joint-and-several liability was imposed; however, in three of those cases joint-and-several liability was imposed against the parties which committed the wrong or caused the harm – and here the Plaintiffs were not the wrongdoers. In *Riddell v. Winter*, the defendants were responsible for enforcement of an unconstitutional statute (the court also noted that the fee award was "a modest one"); in *Flagstar Bank v. Hochstadt*, all of the defendants had breached the mortgage at issue; and in *Walker v. HUD*, the defendants had violated laws against segregation in housing. In the fourth case, *Prado v. Bush*, joint-and-several liability wasn't even mentioned, let alone imposed.

The Plaintiffs consist of nine separate depositors, each of whom brought suit to recover for injuries (*i.e.*¸ their deposits) which were individual and personal. Accordingly, some sort of proportional or fractional allocation of the fee award is called for (such as dividing the award equally among them or in proportion to their deposits). The alternative is to make each of them responsible for an award wildly out of proportion to their individual deposits (*i.e.*, $1.3 million vs. approx. $50,000), which is grossly unfair. *See, Council for Periodical Distributors Assns., Inc. v. Evans*, 827 F.2d 1483, 1488 (11th Cir. 1987)(in apportioning fees, the court should make every effort to achieve the most fair and sensible solution possible).

**Fee report**

Kolter City Plaza claims the phrase "costs and disbursements" in the attorney's fees provision of its contracts with the Plaintiffs is sufficiently clear to allow for the recovery of all non-taxable costs (DE 219, at p. 14). In support, Kolter City Plaza cites *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 2011 WL 2535258 (SD Fla. 2011); however, the relevant contractual clause at issue in that case used the phrase "costs *and necessary* disbursements," which implied all costs must be reasonable. Accordingly, this case supports the Plaintiffs' claim that Kolter City Plaza is not automatically entitled to all of its costs; those costs

must be reasonable (DE 218, at p. 16).  *See, Jessup v. Miami-Dade County*, 2011 WL 294417 (SD Fla. 2011)(p. 1)(prevailing party is entitled to its reasonable costs).

## Conclusion

By any regally-recognized method of determining reasonableness, Kolter City Plaza's requested fee award is a monument to overstaffing, overbilling, and overkilling.  This conclusion is reinforced by the magistrate's findings (which Kolter City Plaza fails to contradict) of this case being "straightforward," "unremarkable," and "relatively non-complex."  The proper remedy for such a failure to exercise billing judgment is an appropriate (*i.e.*, substantial) across-the-board cut.  Most of the costs award should also be disallowed, because the Plaintiffs contracts are not clear as to entitlement and the award is not reasonable as to amount.

WHEREFORE, the Plaintiffs request Kolter City Plaza's requested fee award be reduced by at least 75% (or allow only those fees incurred in obtaining the facts on which its motion for summary judgment was based), the contractual costs provision be declared ambiguous and therefore any recovery for non-taxable costs be disallowed, and all costs and fees be apportioned equally (or proportionally according to a *pro rata* share of the Plaintiffs' total deposits). **Furthermore, the Plaintiffs request a credit of $227,070.37 from any amount awarded to Kolter City Plaza**.  Finally, the Plaintiffs request any further relief the court deems proper.

**CERTIFICATE OF SERVICE**

  I hereby certify having served and filed, by CM/ECF, copies of the foregoing on April 30, 2014 to Jason Domark, Esq. and Jaime A. Bianchi, Esq., White & Case LLP.

                JOSEPH E. ALTSCHUL, LLC
                1911 NW 150th Ave., # 203
                Pembroke Pines, FL 33028
                (954) 556-4821 – Telephone
                (954) 343-5600 – Facsimile

                By: /s/Joe Stern_____
                Joseph Stern, Esq., *of counsel*
                Florida Bar No.: 30902
                joe@jealegal.com
                stern@jealegal.com
                anna@jealegal.com