UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80706-CIV-MARRA

ANDREW PRETKA et al.,

Plaintiffs,

vs.

KOLTER CITY PLAZA II INC.,

Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion for Attorney's Fees and Costs (DE 171, 174, 190).

THIS MATTER was referred to the Honorable James M. Hopkins, United States Magistrate Judge, Southern District of Florida. Two Report and Recommendations, dated February 27, 2014, have been filed, recommending that the district court grant in part and deny in part Defendant's motion for attorney's fees (awarding Defendant $976,627.00 in attorney's fees) (DE 208) and grant Defendant's motion for costs in the amount of $157,743.65 (DE 209). The Court has conducted a *de novo* review of the entire file, the record herein and the objections filed.

Plaintiffs claim it was error for the Magistrate Judge to eliminate all the fees sought for eight of Defendant's attorneys and award all the fees sought for the remaining five attorneys. According to Plaintiffs, the Magistrate Judge was only permitted one of two methods for reducing attorney's fees - i.e., conducting an hour-by-hour analysis or an across-the-board-cut. In support, Plaintiff cites Bivens v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). Bivens, however, merely held that it was improper for the district court to engage in both an hour-by-hour

analysis and then further reduce those hours by an across-the-board 35% reduction.  Id. at 1351.  Bivens did not hold that the Court must make an across-the-board cut for every attorney.  See Galdames v. N & D Inv. Corp., 432 F. App'x 801, 807 (11th Cir. 2011) (affirming reduction of fees by 20% to one attorney and no reduction in fees to the two other attorneys).

That stated, the Court believes the amount of fees recommended by the Magistrate Judge remain excessive.  Simply put, the fees charged were excessive in both the number of attorneys staffing the case and in the number of hours expended.  Thus, the Court will further reduce the fees by an additional 20% from that recommended by the Magistrate Judge and award Defendant $781,301.60 in fees.

Next, the Court rejects Plaintiffs' claim that they are entitled to a credit based on the purchase agreements and federal law.  This claim ought to have been raised during the litigation as a counterclaim, and not during post-judgment proceedings.

The Court agrees with Plaintiffs and will not impose joint and several liability.[1]  The contract does not require it.  The Court has wide discretion on how to divide liability for fees, including declining to impose joint and several liability.  Council for Periodical Distr. Assocs. v. Evans, 827 F.2d 1483, 1487 (11th Cir. 1987).  Imposing joint and several liability would be inequitable because it could result in disproportionately punishing one plaintiff.  Therefore, the fees and costs award will be divided equally among Plaintiffs.

Finally, the Court rejects the Magistrate Judge's conclusion that the term "costs and disbursements" extends beyond statutory costs and thereby permits additional recovery of non-

---

[1] Despite Defendant's claim to the contrary, the Court has not previously addressed this issue.

statutorily based costs.  Notably, the contract does not specifically provide for the recovery of additional non-taxable costs.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1) United States Magistrate Judge Matthewman's Report and Recommendation is **AFFIRMED IN PART AND REVERSED IN PART**.

2) The Motion for Bill of Costs (DE 171) is **GRANTED IN PART AND DENIED IN PART**.  Defendant is entitled to recover $12,939.80 in statutorily reimbursable costs.

3) The Verified Motion for Fees and Costs (DE 174) is **GRANTED IN PART AND DENIED IN PART**.  Defendant is entitled to recover $781,301.60 in attorney's fees.  Defendant is not entitled to recover non-statutorily reimbursable costs.

4) The Supplemental Motion for Attorney's Fees (DE 190) is **GRANTED IN PART AND DENIED IN PART**.  Defendant is entitled to recover $4,850.00 in supplemental attorney's fees (fees on fees).

5) The Court will separately issue judgment for Defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of September, 2014.

_____
KENNETH A. MARRA
United States District Judge